UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANICHA C. JONES, | No. 2:18-cv-1094-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 17. For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I. Background

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that she had been disabled since July 31, 2012.[1] Administrative Record ("AR"), ECF No. 10, at 649-58. Her

---

[1] Plaintiff subsequently amended her disability onset date to October 25, 2013. AR 659-68.

1

applications were denied initially and upon reconsideration. *Id.* at 557-61, 565-69. A hearing was subsequently held before administrative law judge ("ALJ") Michael Blume. *Id.* at 82-111. Plaintiff was represented by counsel at the hearing, at which she, a medical expert, and a vocational expert testified. *Id.*

On August 24, 2016, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[2] *Id.* at 61-75. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2019. Exhibit 12D at 1.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

2. The claimant has not engaged in substantial gainful activity since October 25, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971, *et seq.*).

\* \* \*

3. The claimant has the following severe impairments: obesity, possible osteoarthritis of the knees, degenerative joint disease of the left shoulder, degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine status post lumbar spine surgery, bone Spurs both feet, and possible diabetic neuropathy (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. The claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except she can lift or carry ten pounds frequently and occasionally; can engage in frequent but not constant left upper-extremity overhead reaching; occasionally climb stairs and ramps; never climb ropes, ladders or scaffolds; and can frequently balance, stoop, kneel, crouch and crawl.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).

\* \* \*

7. The claimant was born on [in] 1978 and was 35 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English 20 C.F.R. §§ 404.1564 and 416.964).

\* \* \*

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

*/////*

3

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 25, 2013, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

*Id.* at 64-75.

Plaintiff's request for Appeals Council review was denied on March 15, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

II. <u>Legal Standards</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

/////

III. Analysis

Plaintiff's sole argument is that the ALJ erred by failing to provide legally sufficient reasons for rejecting the opinion of her treating physician, Dr. Kenneth Kim. ECF No. 11 at 5-11.

In June 2016, after providing pain management to plaintiff for nearly three years, Dr. Kim completed a physical residual functional capacity questionnaire. AR 1564-68. Dr. Kim reported that plaintiff's diagnosed impairments were shoulder and neck pain, which were established by impingement examination findings and MRIs of the shoulder and cervical spine. *Id*. at 1564. He identified plaintiff's symptoms as severe shoulder pain with decreased range of motion, as well as neck spasms and pain with decreased range of motion. *Id*. Dr. Kim opined that plaintiff could lift less than 10 pounds occasionally, walk 1-2 city blocks without rest; sit for 1-2 hours at one time; stand for 1-2 hours at one time; sit and stand/walk for a total of 1-2 hours in an 8-hour workday; and bend, stoop, and use her hands for grasping and twisting objects 25 percent of a normal 8-hour workday, but could not perform any reaching. *Id*. at 1566-67. He also determined that plaintiff must be able to shift positions at will, take unscheduled breaks every 45 minutes, and that her pain frequently interferes with attention and concentration and causes her to be absent from work more than three times a month. *Id*. at 1565-67.

The ALJ provided three reasons for according little weight to Dr. Kim's treating opinion. First, the ALJ concluded that the opinion was inconsistent with Dr. Kim's findings on examination, including those from a contemporaneous examination, which "were essentially within normal limits." AR 72. In making this finding, the ALJ cited to a single page of Dr. Kim's treatment notes that, accordingly to the ALJ, reflected normal findings from around the time Dr. Kim rendered his opinion. *Id*. (citing Exhibit 3F at 59 or AR 1021). The page cited by the ALJ, however, is from Dr. Kim's initial evaluation of plaintiff in September 2013, well before his June 2016 opinion. *Id*. at 1021. Moreover, the page does not include any objective findings, but instead describes plaintiff's past medical history and social history. *Id*. Nothing on that page offers a basis for concluding that Dr. Kim's treating opinion was inconsistent with his findings on examination, let alone those from a contemporaneous examination.

/////

5

There are, however, examination findings documented in later portions of the 14-page treatment note from Dr. Kim's initial evaluation of plaintiff. While the ALJ provided a summary of the medical evidence that noted some of Dr. Kim's objective findings, the ALJ did not identify which findings he believed to be "essentially within normal limits" or inconsistent with Dr. Kim's opinion.[3] Instead, the ALJ merely offered his conclusion that Dr. Kim's opinion was inconsistent with his treatment records, without providing his own interpretation of the treatment notes and an explanation of how such evidence undermines Dr. Kim's opinion. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."); *see also Sanchez v. Comm'r Soc. Sec.*, 2019 WL 2448433, at *8 (E.D. Cal. June 12, 2019) (ALJ erred in rejecting opinions based on purported inconsistency with plaintiff's activities "because the ALJ does not explain how the cited daily activities demonstrate any particular inconsistency with the doctors' opinions.").

Nor was the ALJ permitted to give reduced weight to Dr. Kim's treating opinion based on the finding that it was "contradicted by every other probative opinion in the record." AR 72. The only other medical opinions assessing plaintiff's limitations during the relevant period were from two state agency non-examining physicians and a non-examining medical expert who testified at plaintiff's hearing.[4] AR 98-107, 544-45, 553-54. These non-examining opinions do not constitute substantial evidence that could support the rejection of Dr. Kim's treating opinion. *See Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017) ("The opinion of a nonexamining

/////

---

[3] For instance, Dr. Kim noted plaintiff's range of motion in her cervical spine was limited due to pain and there was tenderness at the rhomboid and trapezius for her cervical spine. Plaintiff's range of motion was also limited in her right shoulder due to pain; Hawkins and Neer tests were positive; and tenderness in the greater tubercle of humorous and bursa were noted. Dr. Kim also noted sensation decreased over thumb, index finger, and middle finger on the left side. It is not clear whether the ALJ believes that these findings, or other objective findings, undermined Dr. Kim's opinion.

[4] The record contains an opinion from examining physician Dr. Mark Shelub, but the opinion was rendered before the alleged disability onset date and was not weighed by the ALJ. *Id.* at 903-916.

6

physician cannot by itself constitute substantial evidence that justifies that rejection" of a treating opinion).

The ALJ's remaining reason for according little weight to Dr. Kim's treating opinion was that it was based solely on plaintiff's subjective complaints, which are unsupported and inconsistent with the other medial opinions.[5] *Id*. Generally, the opinion of a treating physician may be rejected where it is premised primarily on plaintiff's subjective complaints and the ALJ properly discounted plaintiff's credibility. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, "an ALJ does not provide clear and convincing reasons for rejecting [a] physician's opinion by questioning the credibility of the [plaintiff's] complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations." *Ryan v. Comm'r of Soc. Sec. Admin*, 528 F.3d 1194, 1200-01 (9th Cir. 2008).

Here, Dr. Kim specifically stated that plaintiff's diagnosis and assessed limitations were established by impingement examination findings and MRIs of her shoulder and cervical spine. AR 1564. Furthermore, his treatment records reflect regular physical examination documenting numerous objective findings, including reduced range of motion in the cervical spine and shoulders due to pain, tenderness to palpation, positive Neer and Hawkins tests, and decreased sensation in the left hand. *Id*. at 963-1031. Thus, even assuming that Dr. Kim relied on plaintiff's subjective complaints in arriving at his opinion, that fact does not justify rejecting the opinion since he supported it by his own objective findings. *Ryan*, 528 F.3d at 1200-01.

IV. Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further proceedings consistent with this order; and

/////

/////

---

[5] The ALJ concluded that plaintiff's allegations concerning severity and limiting effect of her impairments were not fully credible. AR 68. Plaintiff does not challenge that finding.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

DATED: September 30, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE